IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHILIP A. DIX, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| | CIVIL NO. 10-3196 (JBS/JS) |
| v. | |
| TOTAL PETROCHEMICALS USA, INC., PENSION PLAN, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is time-barred.  [Docket Item 11.]  The Court finds as follows:

1.  Plaintiff brings this putative class action to recover an alleged shortfall in a lump sum pension distribution paid to Plaintiff.  Plaintiff contends that the distribution was required by various federal statutes and regulations to include an estimated payout based on cost-of-living increases that the annuity option receives to keep pace with inflation.  In the present motion, Defendant seeks to dismiss the action as time-barred.  The parties agree that the longest statute of limitations period that potentially applies is six years.  See Sturgis v. Mattel, 525 F. Supp. 2d 695 (D.N.J. 2007).  The parties disagree about whether the motion is procedurally proper,

and about when the claim accrued.

2.   Defendant concedes that its motion relies on a document not attached to or referenced in the Complaint, in order to prove that the claim accrued six years prior to filing.  The document in question is a letter estimating Plaintiff's benefits, and containing language regarding the lump sum option and its exclusion of certain cost-of-living increases.  Ordinarily, such a document would be outside the scope of a motion to dismiss based on the pleadings.  But Defendant observes that an undisputedly authentic document may be considered on a 12(b)(6) motion even though it is not referenced in or attached to the complaint if the document is "integral to" the complaint.  See In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).

3.   The rule permitting consideration of integral documents seeks to prevent "the situation in which a plaintiff is able to maintain a claim . . . by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that [there was no claim]."  Id.  It is considered legitimate to examine integral documents without further notice because "plaintiff has actual notice . . . and has relied upon these documents in framing the complaint."  Id. (internal

2

quotation and citations omitted).  It is not enough that a putatively integral document be critical for an affirmative defense, or bear on an essential element of the claim.  The rule is applied when the claim would not exist but-for the existence of the document.  See, e.g., International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 71-72 (2d Cir. 1995) (considering a written agreement that complaint relied on to prove antitrust claim); Fudge v. Penthouse Intern., Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) (considering article upon which libel claim was based); Barnum v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227, 1232 (S.D.N.Y. 1994) (considering text of contract in breach of contract claim).

4.  In this case, the document in question is not integral to the Complaint.  Defendant argues that the Court should consider the document providing estimated benefits because Plaintiff had notice of the importance of the document to this case, as shown by Plaintiff having attached it to one of his administrative filings.  This proves that Plaintiff considers the document to be evidence relevant to the claim, and that Plaintiff is aware of it.  But the "integral to the complaint" exception to the ordinary rule limiting what the Court may consider at this procedural stage does not provide that any relevant evidence may be submitted for consideration on 12(b)(6) so long as Plaintiff had notice of it.  Such a reading of the exception would swallow

the rule, and transform the boundary between motions to dismiss and motions for summary judgment.  Instead, the rule is much more limited: such documents can be considered only if they are integral to the complaint, in order to prevent a complaint from misleadingly relying on only part of such documents.

5.   In support of the document being integral to the complaint Defendant cites Stallins ex rel. Estate of Stallings v. IBM Corp., Civil No. 08-3121 (RBK/JS), 2009 WL 2905471, at *3-4 (D.N.J. Sept. 8, 2009).  In that case, the district court considered the letter denying pension benefits because the fact of the denial and the basis for it was integral to the claim. Id.  In the absence of the document denying the benefits claim, no legal claim existed.  Unlike Stallins, Defendant does not seek here to rely on a denial letter, but instead a preliminary document sent to Plaintiff offering an estimate of benefits that happened to contain language that Defendant contends began the statute of limitations period.  This document may be integral to determining the merit of Defendant's affirmative defense, but it is not integral to the complaint in the way required by this doctrine.  Plaintiff would have exactly the same claim if this document was never produced.

6.   Because the motion to dismiss is based on documents that cannot be considered on this procedural posture, the Court may either deny the motion or convert it into a motion for summary

4

judgment, providing the parties with a schedule for submission of
statements in compliance with Local Civil Rule 56.1, supplemental
briefs, and any supplemental evidence they deem necessary.  <u>See</u>
<u>Hilfirty v. Shipman</u>, 91 F.3d 573, 578 (3d Cir. 1996); <u>see also</u>
Fed. R. Civ. P. 12(d) (providing that upon the conversion of a
motion to dismiss into a motion for summary judgment "all parties
must be given a reasonable opportunity to present all the
material that is pertinent to the motion").

     7.  It is not clear to what extent discovery will be
necessary to respond to this motion if converted into a motion
for summary judgment, and if discovery will be necessary, how
long it will require.  Therefore, instead of converting the
motion and imposing an ad hoc schedule for the supplemental
filings required by Local Civil Rule 56.1 and Rule 56 of the
Federal Rules of Civil Procedure, the Court will simply deny the
motion as filed but permit Defendant to file the motion as one
for summary judgment at the appropriate time.  This procedure
avoids the creation of ad hoc procedures and scheduling dates;
allows Plaintiff to contend, if necessary, that such a motion is
premature pursuant to Rule 56(d), Fed. R. Civ. P.; and only
slightly decreases judicial efficiency since the parties would be
required to make supplemental filings in either case.
Additionally, given the time the parties have already spent
litigating the issue, if the motion is re-filed as a summary

judgment motion, the Court will entertain requests to streamline

the summary judgment procedures or relax the briefing

requirements, in order to fairly resolve this potentially

dispositive issue in a way that minimizes the expense to the

parties.


**June 20, 2011**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           United States District Judge