[Doc. No. 35]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PHILIP A. DIX,

        Plaintiff,

   v.

TOTAL PETROCHEMICALS USA,
INC., PENSION PLAN,

       Defendant.

Civil No. 10-3196 (JBS/JS)

## MEMORANDUM OPINION AND ORDER

Presently before the Court are three (3) related discovery motions. This Memorandum Opinion and Order addresses "Plaintiff's Motion to Compel Discovery" directed to defendant. [Doc. No. 35]. The issue before the Court concerns the scope of discovery when a defendant asserts a "clearly repudiated" defense under ERISA. Defendant opposes plaintiff's motion and the Court held oral argument on November 7, 2011. For the reasons to be discussed, plaintiff's motion is GRANTED in part and DENIED in part.

Background

By way of background, plaintiff filed his class action complaint on June 23, 2010. Plaintiff started working for Rohm and Haas in 1967 and from the outset participated in its pension plan. The Rohm and Haas Plexiglas division plaintiff worked for was subsequently acquired by Elf Atochem which changed its name to Atofina Chemicals. Plaintiff terminated his employment with

Atofina on January 1, 2004.  Plaintiff claims there was a shortfall in his lump sum pension distribution. The essence of plaintiff's claim is that the portion of his pension attributable to his Rohm and Haas service should have included a cost of living component that the annuity option received.  Plaintiff maintains defendant violated various provisions of ERISA by failing to provide a value for the COLA in calculating his lump sum payment.

Defendant steadfastly maintains that plaintiff's action is barred by the statute of limitations.  Plaintiff filed a motion to dismiss on September 17, 2010 arguing this point.  The Honorable Jerome B. Simandle denied the motion without prejudice on June 20, 2011 as procedurally improper.  Judge Simandle found that since defendant's statute of limitations defense was based on a document not "integral" to the complaint, he could not consider it and defendant would have to raise the defense in a motion for summary judgment.  Judge Simandle's Memorandum Opinion did not weigh in on what discovery was appropriate for plaintiff to respond to defendant's motion.  Memo Op. at 5 ("It is not clear to what extent discovery will be necessary to respond to this motion [to dismiss] if converted into a motion for summary judgment, and if discovery will be necessary, how long it will require."). Judge Simandle, however, envisioned a streamlined procedure to address the merits of defendant's defense. Id. 5-6.  ("[G]iven the time the parties have already spent litigating the issue, if the motion is re-filed

as a summary judgment motion, the Court will entertain requests to streamline the summary judgment procedures or relax the briefing requirements in order to fairly resolve this potentially dispositive issue in a way that minimizes the expense to the parties."). Accordingly, this Court limited the initial discovery phase in the case to the statute of limitations issue.

After the denial of its motion to dismiss, defendant answered plaintiff's complaint and filed its motion for summary judgment on July 22, 2011 raising its limitations defense. On July 27, 2011, the Court held the Fed. R. Civ. P. 16 Scheduling Conference. At the conference defendant argued no discovery was necessary to decide its motion for summary judgment. Plaintiff disagreed. Despite defendant's argument, it was apparent to the Court that there were some clearly relevant documents that defendant should produce. To be sure, however, defendant disagreed. Given the parameters of discovery under Fed. R. Civ. P. 26, the Court determined that it could not be reasonably questioned that some categories of documents, for example all communications to plaintiff regarding his pension, and all pension documents plaintiff signed, were discoverable and should be produced. As to plaintiff's other document requests, the Court asked the parties to "meet and confer" to try and reach an agreement on what additional discovery would occur. Given the Court's indication that discovery would not be completely barred as defendant requested, defendant

3

withdrew its motion for summary judgment without prejudice. Defendant is anxious to re-file the motion as soon as possible but wants to avoid a summary denial if plaintiff argues the motion was filed before he had an opportunity to conduct relevant discovery.

Some additional background is necessary to put the present discovery dispute in context.  As to the applicable law, the trigger or accrual date for the applicable six-year statute of limitations has been addressed in several Third Circuit cases.  In Romero v. Allstate Corp., 404 F.3d 212 (3rd Cir. 2005), the Court held that in an ERISA non-fiduciary duty claim, the claim accrues when the "employee knew or should have known that the amendment has brought about a clear repudiation of certain rights that the employee believed he or she had under the plan." Id. at 223.  In Miller v. Fortis Benefits Ins. Co., 475 F.3d 516 (3d Cir. 2007), the court addressed the clear repudiation rule and approvingly cited a Second Circuit case that cited Seventh, Eighth and Ninth Circuit precedent that held that an "ERISA claim accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff--regardless of whether the plaintiff has filed a formal application for benefits." Id. at 521-22.  (Citation and quotation omitted).

The additional fact background relevant to the parties' discovery dispute is as follows.  When plaintiff retired he had a choice whether to receive a monthly annuity or a lump sum payment.

4

Plaintiff chose to receive a lump sum distribution which was paid in January 2004.  On December 7, 2009, plaintiff alleged in an administrative claim that his lump sum payment did not include the value of a COLA.  Defendant denied the claim on April 5, 2010 and June 18, 2010, and this complaint was filed soon thereafter.

Defendant's statute of limitations defense is based upon Atofina papers plaintiff received with the title "Atofina Early Retirement Incentive Program Statement of Estimated Benefits." On November 24, 2003, plaintiff signed Atofina's "Retirement Benefits Request" electing to receive a lump sum payment.  The language defendant relies upon is contained in the Statement of Estimated Benefits and reads:

> **You will not be entitled to this cost-of-living adjustment if you elect (with your spouse's written consent) to receive your RandH accrued benefit in the form of a lump sum.** (Emphasis in original).

Defendant argues this was a clear repudiation of plaintiff's right to a COLA and, therefore, the statute of limitations accrued on November 24, 2003.  Since plaintiff's complaint was filed on June 23, 2010, defendant argues it is barred by the six-year statute of limitations.

Plaintiff disagrees that the cited language was a clear repudiation of his present claim.  Plaintiff argues that on November 14, 2003 he and his wife signed a form titled "Consent to Payment of Retirement Benefit in the Form of a Single Payment" that

contained inconsistent or ambiguous language.  The form reads:

> I, <u>Philip A. Dix [handwritten]</u>(Participant), hereby consent, pursuant to Article IV of the ATOFINA Chemicals, Inc. Retirement Benefits Plan (the "Plan") to the Plan's distribution to me in a single payment of the **actuarial equivalent present value of the benefit that I would otherwise be entitled to receive in the form of monthly annuity payments**. I understand that by choosing my benefit in the form of a single payment, the Plan will be fully discharged of its obligations to me and to my spouse, and I (we) will have no right or entitlement to any future benefits from the Plan. (Emphasis added).[1]

Plaintiff argues defendant did not make a clear repudiation because the language in his consent form indicated that his lump sum payment would include the actuarial value of the COLAs he would have received had he elected to take an annuity.[2]  Plaintiff argues the statute of limitations on plaintiff's claim did not accrue until defendant clearly repudiated his right to a COLA component in his lump sum payment.  Plaintiff alleges this did not occur until his administrative claim was denied in 2010.  Since the complaint

---

[1]This document was not produced before or contemporaneously with defendant's two dispositive motions. Defendant did not produce the document until after it was directed to do so by the Court at the Rule 16 conference.

[2] Plaintiff also argued in his opposition to defendant's motion to dismiss, <u>inter</u> <u>alia</u>, that he was not given notice that his lump sum did not already include the value of the COLA, the phrase accrued benefits could be read to include the value of future COLAs, and defendant's literature did not give an illustration, explanation, or calculation of how the lump sum was determined so plaintiff could see whether or not it included the value of future COLAs.  The Court assumes plaintiff has not abandoned these arguments.

was filed soon thereafter, plaintiff argues defendant's statute of limitations defense is futile.

<u>Discussion</u>

Having summarized the background of the present motion, the Court will now proceed to address the specifics of the parties' discovery dispute.  The essence of the dispute is as follows: defendant argues the only relevant inquiry is what plaintiff knew or should have known about whether his lump sum pension payout would include a value for a COLA.  Therefore, defendant argues, discovery directed to what defendant intended, what other plan participants thought or did, and the drafting history of the relevant documents is irrelevant.  On the other hand, plaintiff argues that in order to determine whether there was a clear repudiation the "totality of the circumstances" must be examined. As a result, plaintiff contends that his discovery should not be limited to just the "four corners" of the defendant's documents.

As the parties are aware, the Federal Rules of Civil Procedure allow broad and liberal discovery.  <u>Pacitti v. Macy's</u>, 193 F.3d 766, 777-78 (3d Cir. 1999); <u>Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.</u>, 92 F.R.D. 371, 375 (D.N.J. 1981).  In this context, it is worth noting that relevance is a broader inquiry at the discovery stage than at the trial stage. <u>New Jersey Manufacturers, Ins. Group v. Electrolux, Inc.</u>, No. 10-1952 (WJM) 2011 WL 5117781, at *2 (D.N.J. October 26, 2011).  Nonetheless, discovery is not

limitless and may be circumscribed. <u>Bayer AG v. Betachem, Inc.</u>, 173 F.3d 188, 191 (3d Cir. 1999). Fishing expeditions during which a party searches for evidence to support claims or defenses not yet pleaded are not permitted. <u>Smith v. Lyons, Doughty & Veldhuius, P.C.</u>, No. 07-5139 (JHR), 2008 WL 2885887, at *5 (D.N.J. July 23, 2008). Further, the Court may limit discovery where the burden is likely to outweigh the benefit. <u>See</u> Fed. R. Civ. P. 26(b)(2)(C). Where a relevancy objection is made, the party seeking discovery has the burden of showing the requested information is relevant to the claims or defenses and may lead to admissible evidence. <u>Electrolux</u>, at *2.

Five specific document requests are at issue. The Court will address each one separately but not necessarily in the order in which they were served.

The first document request to be addressed asks for the drafting history of the key document defendant replies upon. Specifically, the request asks for:

> All drafts, comments to drafts and correspondence relating to the portion of the form letter ... titled "ATOFINA Early Retirement Incentive Program Statement of Estimated Benefits" wherein the Rohm and Haas Pension Plan or COLA are mentioned.

The parties have not cited, and the Court has not found, any case law that specifically addresses what discovery is permitted on the issue of whether an ERISA benefit is "clearly repudiated." Nevertheless, the Court finds that plaintiff's request asks for

8

relevant documents.

In In re New Valley Corp., 89 F.3d 143 (3d Cir. 1996), the Third Circuit discussed the steps that should be taken to address an ambiguity in the context of an ERISA dispute. In New Valley a dispute arose regarding whether a "top hat plan" could be terminated "at any time for any reason." The lower court held that this language was clear and unambiguous and did not permit extrinsic evidence to show the parties' intent. On appeal the decision was reversed. Like the present situation, the Third Circuit was not called upon to decide the ultimate issue but just whether the plaintiff "should have the opportunity to clarify the meaning of their benefits contract through a proffer of extrinsic evidence." Id. at 148. The Court ruled that extrinsic evidence should have been considered because:

> A court cannot interpret words in a vacuum, but rather must carefully consider the parties' context and the other provisions in the plan. Moreover, extrinsic evidence should have been considered to determine whether an ambiguity existed, especially in the absence of an integration clause in the plan.

Id. at 149.

The Third Circuit further stated that to decide if a contract is ambiguous, the trial judge should consider the contract language, the meanings suggested by counsel, and the extrinsic evidence offered in support of each interpretation. Id. at 150. Extrinsic evidence may include the structure of the contract, the

bargaining history and the conduct of the parties that reflects their understanding.  Id.  Here, the Court is not deciding if the language at issue is a clear repudiation.  That decision will be made by the District Judge.  However, the Third Circuit has held that extrinsic evidence may be considered to show the parties intent.  Thus, the drafting history plaintiff requests is relevant and must be produced.  See also Baldwin v. University of Pittsburgh Medical Center, 636 F.3d 69, 78 (3rd Cir. 2011)("[W]hen a contract term is reasonably argued to be ambiguous, the better approach, and the one that is consistent with the weight of controlling authority, is to allow the parties to proffer evidence in support of alternative interpretations of the term so that the court may properly address the purported ambiguity.  That is the approach required by our precedent under ERISA.").

In addition, although not identical to the issue presented here, there is a line of cases in the insurance coverage context that are sufficiently analogous to guide the Court in its ruling. In Nestle Foods Corporation v. Aetna Casualty and Surety Company, 135 F.R.D. 101 (D.N.J. 1990), aff'd., No. 89-1701 (CSF), 1990 WL 191922 (D.N.J. Nov. 13, 1990), the Court addressed whether the drafting history of an insurance policy was relevant and had to be produced.  In Nestle the plaintiff sought insurance coverage for environmental claims.  The insurer, Liberty Mutual, argued that the claims were excluded based upon the clear and unambiguous language

10

in its insurance policy.  Nestle sought the drafting history of the insurance policy and Liberty resisted arguing the discovery was irrelevant.  Liberty's objections were overruled.

In her Opinion, then Magistrate Judge Wolfson ruled that for discovery purposes the drafting history of the policy was relevant.  The Court reasoned that the Third Circuit permitted the meaning of a contract to be determined from the parties' intent, and the drafting history was relevant to show that intent.  135 F.R.D. at 105-106.  Similar to the argument plaintiff makes here, Nestle argued, and the Court agreed, that the drafting history of Nestle's insurance policy could show that the interpretation suggested by the insurers was not the same as what was intended by the original drafters.  In affirming Judge Wolfson's decision, the District Judge wrote:

> Because the existence of ambiguity in the policies, the admissibility of extrinsic evidence, and the applicable law are issues as yet unresolved, and because of the liberal policy of providing discovery under the federal rules, the magistrate correctly determined the drafting history of Liberty Mutual's insurance policies with Nestle to be relevant and discoverable.

1990 WL 191922, at *5.  See also Leski, Inc. v. Federal Insurance Co., 129 F.R.D. 99, 104 (D.N.J. 1989); Rhone-Poulenc Rorer, Inc. v. Home Indemnity Company, No. 88-9752, 1991 WL 78200, at *1-2 (E.D.Pa. May 7, 1991).

In the cited insurance cases the courts had to decide if the policy exclusions were clear and unambiguous.  To make this

11

determination the courts held extrinsic evidence was relevant for discovery purposes.  Specifically, the cited cases held that the drafting history was relevant.  Here the trial court will address whether the defendant's documents clearly repudiated an ERISA benefit.  Because of the similarity between the determination of whether an insurance policy is clear and unambiguous and whether a particular benefit is clearly repudiated, the Court finds the cited insurance cases persuasive.

In order to determine if defendant made a clear repudiation, the language in defendant's form documents must be examined.  The drafting history of Atofina's forms is relevant to determining defendant's intent behind its language and, therefore, must be produced.  The Court rejects defendant's argument that its intent is irrelevant.[3]  The Court does not grasp defendant's argument that it could have clearly repudiated plaintiff's right to a COLA valuation in his lump sum payment if this is not what it intended. Put another way, the Court cannot conceive that a party can clearly repudiate something in the ERISA context that it did not intend to repudiate.  See Baldwin, 636 F.3d at 75 (noting that the federal common law of contract applied to the parties' ERISA dispute and the primary goal of contract interpretation is to determine the

---

[3]Defendant argues, "each of Plaintiff's requests, as well as his explanations as to their relevance, focuses on the intent and state of mind of the TOTAL plan and its predecessors, despite its irrelevance to whether Plaintiff's claim is barred by the statute of limitations." Brief at 4.

12

intent of the parties). For this reason, the Court rejects defendant's argument that, "[i]ntent to create an ambiguity is equally irrelevant to clear repudiation as whether or not the language in the Benefit Election Statement is ambiguous is a legal question." Brief at 6.

It may be when all is said and done it will be decided that defendant's form is an effective "clear repudiation." That answer, however, is yet to be determined. Until then plaintiff is entitled to obtain relevant discovery. The Court agrees with plaintiff that, "[e]vidence showing that the plan did (or did not) _intend_ to repudiate plaintiff's claim is clearly relevant to whether the plan did (or did not) repudiate plaintiff's claim." Brief at 4 (emphasis in original). Since the drafting history of the "Statement of Estimated Benefits" is relevant, it must be produced.

The next document request to be addressed is plaintiff's request for:

> All documents showing how the parties to transfers of pension assets valued the anticipated cost of the COLAs for each transfer of assets – beginning with the original transfer of assets from the Rohm and Haas Pension Plan to the Atofina Plan, as well as any transfers from the Arkema Plan to any other company.

This request focuses on "the anticipated cost of the COLAs for each transfer of assets." By focusing generally on COLAs, the Court finds that the request is overbroad and requests irrelevant information. This case does not concern COLAs in general. For

example, the COLA valuations as to the retirees who elected an annuity are irrelevant to the statute of limitations issue. The only relevant inquiry is whether the value of COLAs should have been included when plaintiff's lump sum payment was calculated. Therefore, plaintiff's request for these documents is granted except the request is limited to the valuation of lump sum payments with and without a COLA component.

The next document request to address is plaintiff's request for:

> All documents that mention or discuss any of the following lawsuits: Hickey v. Chicago Truck Drivers, Helpers & Warehouse Workers Union, 980 F.2d 465 (7th Cir. 1992); Kohl v. Association of Trial Lawyers of Am., Civil Action No. AW-97-3264 (D. Md.) (decision reported at 183 F.R.D. 475); Laurenzano v. Blue Cross & Blue Shield of Mass., Inc. Retirement Income Trust, Civil Action No. 99-11751 (D. Mass.) (decisions reported at 134 F. Supp.2d 189 and 191 F. Supp.2d 223); Williams v. Rohm and Haas Pension Plan, Civil No. NA 02-123-C and Civil No. 04 CV 78 (S.D. Ind.) (decision on appeal reported at 497 F.3d 710 (7th Cir. 2007)).

The Court finds that this document request does not have to be responded to because it is overbroad and requests irrelevant information. None of the cited cases address the same issue before this Court. Defendant's discussions regarding other ERISA cases has nothing to do with defendant's statute of limitations defense. Therefore, defendant does not have to respond to this request. As noted in Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co.,

14

C.A. No. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998)(citations and internal quotation marks omitted), "while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so."

The next document request to address is plaintiff's request for:

> Copies of any and all administrative claims filed by former Rohm and Haas Pension Plan participants challenging the failure to include the value of COLAs in lump sums.

These documents are plainly relevant and should be produced. Whether claims identical to those of plaintiff have been filed undoubtedly could lead to relevant evidence. Nevertheless, defendant represents that the documents responsive to this request have already been produced. Brief at 7.

The last document request at issue asks for:

> All documents that mention or discuss the cost of living adjustments ("COLAs") promised in the Rohm and Haas Pension Plan. This includes, but is not limited to, all communications between the Plan administrator and its agents and inside and outside legal and actuarial advisors regarding the administration of the trust.

As phrased this request is overbroad and requests irrelevant information. This lawsuit does not address general COLA issues. The only relevant issue is whether plaintiff's lump sum payment

15

should have included a COLA component.   Thus, these documents should be produced but only as to documents mentioning or discussing a COLA component of a retiree's lump sum pension payout. The Court is not addressing at this time whether the responsive documents are privileged.

Conclusion and Order

For all the foregoing reasons, it is hereby ORDERED this 10th day of November, 2011, that plaintiff's Motion to Compel Discovery is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that defendant shall produce documents responsive to document request number two; and

IT IS FURTHER ORDERED that defendant shall produce documents responsive to document requests numbers three and five as limited in this Opinion; and

IT IS FURTHER ORDERED that to the extent not already done, plaintiff shall produce documents responsive to document request number five; and

IT IS FURTHER ORDERED that plaintiff's request for documents responsive to document request four is DENIED; and

IT IS FURTHER ORDERED that the documents responsive to this Order shall be produced by December 23, 2011.[4]

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[4]To the extent this Order is not identical to the Court's informal oral ruling at the November 7, 2011 oral argument, the Order obviously controls.